UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GIUBER JOSUE VALLADARES-SALGADO,

      Petitioner,

      v.

MARKWAYNE MULLIN, *et al.,*

      Respondents.

Case No. 5:26-cv-03288-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I.    RULING

On June 14, 2026, Petitioner Giuber Josue Valladares-Salgado ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241 ("§ 2241"), challenging his continued detention. (Dkt. 1 at 14–27.) For the reasons below, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Giuber Josue Valladares-Salgado (A# 209-850-408) from custody.

## II.    FACTUAL AND PROCEDURALUAL HISTORY

Petitioner is a citizen of Honduras who is detained at the Adelanto Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California. (Dkt. 8 at 2.) Petitioner originally entered the United States on

November 10, 2016. (*Id.*) Petitioner was detained upon entry to the United States and placed in expedited removal process. (*Id.*) On December 7, 2016, an immigration officer made a positive finding of credible fear to be returned to Honduras. (*Id.*) Petitioner was then released from ICE custody on bond on December 28, 2016. (*Id.*) Petitioner's removal proceedings were terminated on June 6, 2022. (*Id.*)

On May 27, 2026, ICE detained Petitioner after he was released from a Los Angeles County detention center. (*Id.* at 10.) Petitioner asserts he was "released and not charged with any offense [and that he] has no criminal history." (*Id.*) Respondents assert Petitioner was exiting a Sherriff's station after he was arrested for felony vandalism in violation of California Penal Code § 594(b)(1). (Dkt. 13 at 3.) ICE then transported Petitioner to the Adelanto ICE Processing Center where he remains detained. (Dkt. 8 at 26.)

Also on May 27, 2026, ICE served Petitioner with a Notice to Appear charging Petitioner as having entered the United States in 2016 and being present without having been admitted or paroled. (Dkt. 8 at 11; Dkt. 13-2 at 1-4.) On June 14, 2026, ICE served Petitioner with Additional Charges of Inadmissibility/ Deportability. (Dkt. 13-2 at 5-6.)

On June 14, 2026, Petitioner filed his Petition. (Dkt. 1.) The Court issued a Notice of General Order 26-05 and Briefing Schedule the same day. (Dkt. 4.) On June 16, 2026, Petitioner filed his First Amended Petition ("FAP"). (Dkt. 8.) In his FAP, Petitioner argues that Respondents unlawfully revoked his bond and his continued detention violates the Fifth Amendment due process protections, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA"). (Dkt. 8 at 15-27.) Among his requested relief, Petitioner seeks (1) a declaration that his continued detention violates the Fifth Amendment and (2) a grant of a Writ of Habeas Corpus ordering his release. (*Id.* at 27-28.)

2

Alternatively, if the Court declines immediate release, Petitioner requests that the Court order Respondents to provide Petitioner with a custody redetermination hearing.  (*Id.* at 28-29.)

Respondents filed their response on June 18, 2026.  (Dkt. 13.)  In their response, Respondents argue that Petitioner appears to be a member of the Bond Eligible class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), reconsideration granted in part, 813 F. Supp. 3d 1075 (C.D. Cal. 2025), and amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Respondents also appear to argue that Petitioner's arrest amounts to changed circumstances that justify detention of Petitioner.  (Dkt. 13 at 3 fn 2.)

Petitioner filed his reply on June 19, 2026.  (Dkt. 14.)  In his reply, Petitioner asserts Respondents did not respond to the merits of his due process claims, nor argue why his parole or release status was lawfully terminated.  (Dkt. 14 at 3-10.)  Petitioners assert the proper remedy is not a future custody re-determination, but release to restore Petitioner to his prior release status.  (*Id.* at 10-11.)

### III.   LEGAL STANDARD

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (citing U.S. Const. art. I, § 9, cl. 2).  A noncitizen in the custody of immigration authorities may bring a writ of

3

habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001).

## IV.   DISCUSSION

Petitioner alleges that Respondents unlawfully revoked his bond and his continued detention violates the Fifth Amendment due process protections, the Immigration and National Act ("INA"), and the Administrative Procedure Act ("APA"). (Dkt. 8 at 15-27.) Among his requested relief, Petitioner seeks (1) a declaration that his continued detention violates the Fifth Amendment and (2) a grant of a Writ of Habeas Corpus ordering his release. (*Id.* at 27-28.) The Government responds that Petitioner is not entitled to immediate release due to Petitioner's alleged arrest for felony vandalism. (Dkt. 13 at 3 fn 2.) Respondents also argue that Petitioner appears to be a member of the *Bautista* bond eligible class. (*Id.* at 2-3.)

### A.   Petitioner's Due Process Claim

Petitioner argues that his detention, without notice and a pre-deprivation hearing, violates the procedural due process protections in the Fifth Amendment. (Dkt. 8 at 15-18.) Respondents argue that "at most" Petitioner's remedy "would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a). (Dkt. 13 at 3-4.)

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The right to due process extends to noncitizens in the United States. *See Zadvydas*, 533 U.S. at 693. ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238, 16 S. Ct. 977, 41 L. Ed. 140 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guarant[e]ed by [the Fifth Amendment], and that even aliens shall not . . . be deprived of life, liberty, or property without due process of law."); *Trump v. J. G. G.*, 604 U.S. 670, 673, 145 S. Ct. 1003, 221 L. Ed. 2d 529 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citations modified).

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

### 1. Constitutionally Protected Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty th[e] [Due] Clause protects." *Zadvydas*, 533 U.S. at 690. In *Morrissey v. Brewer*, the Supreme Court found "that the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others" and held that "the liberty is valuable and must be seen as within the protection of" due process." 408 U.S. 471, 482, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972).

///

Courts in this District and others have consistently found that noncitizens who have been released from immigration custody pending civil removal proceedings have a protected liberty interest in remaining out of immigration custody. Noncitizens in such circumstances "gained a liberty interest in their continued freedom when DHS elected to release them on their own recognizance under section 1226(a), which implied a promise that they would not be re-detained so long as they abided by the terms of their release." *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 934 (N.D. Cal. 2025); *see e.g.*, *Zheng v. Noem*, No. EDCV 26-0675 JGB (RAOX), 2026 WL 851434, at *3 (C.D. Cal. Mar. 25, 2026); *Gourav v. Janecka*, No. EDCV 26-01253-MWF (DSR), 2026 WL 966568, at *2 (C.D. Cal. Apr. 7, 2026); *R.N.G. v. Semaia*, No. 5:26-CV-2839-DSR, 2026 WL 2089544, at *4 (C.D. Cal. July 14, 2026); *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*, No. 5:26-CV-03805-BFM, 2026 WL 2111747, at *3 (C.D. Cal. July 20, 2026).

Here, on December 28, 2016, Petitioner was released from ICE custody on bond. (Dkt. 8 at 2.) Petitioner has spent more than nine years released on bond. (*Id.*) During that period, Petitioner "remained employed, integrated into the community, and compliant." (*Id.* at 3.) As such, Petitioner has a protected liberty interest in remaining out of immigration custody.

Respondents appear to argue that the re-detention of Petitioner was justified because Petitioner was arrested for violating conditions of his bond. (Dkt. 13 at 2, fn 2.) The parties dispute the circumstances of Petitioner's presence at the police station. Petitioner asserts he was detained for questioning in connection with a vandalism investigation, released, and not charged with any offense. (Dkt. 8 at 10.) Respondents assert Petitioner was arrested for "felony vandalism in violation of California Penal Code § 594(b)(1)." (Dkt. 13 at 2; Dkt. 13-1 at 4.) "Even assuming [violations of parole] constitute changed circumstances that could justify

6

re-detention, the existence of changed circumstances does not excuse the Government from providing constitutionally adequate process before re-detaining a noncitizen who has been living at liberty. Due process requires, at minimum, notice and an opportunity to be heard before the Government may revoke a person's conditional release and return them to custody." *Wang v. Warden of Desert View Annex Det. Facility*, No. 5:26-CV-01595-DFM, 2026 WL 1196001, at *3 (C.D. Cal. Apr. 24, 2026); *see Morrissey*, 408 U.S. at 482, 487-89 (holding that even where a parolee has violated conditions, due process requires a hearing before final revocation).

### 2. Procedural Protections

The Court applies the three-part test established in *Mathews v. Eldridge* to determine whether the Government's procedures were constitutionally sufficient. 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). The *Mathews* test balances three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

As to the first factor, as discussed above, Petitioner has an interest in remaining out of immigration detention. *See Morrissey*, 408 U.S. at 482. While Petitioner was released on bond, that interest "includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the [noncitizen] and often on others." *Id.* This factor weighs in favor of Petitioner.

For the second *Mathews* factor, "'the risk of an erroneous deprivation [of liberty] is high' where, as here, '[the petitioner] has not received any bond or custody redetermination hearing.'" *J.A.E.M. v. Wofford*, 812 F. Supp. 3d 1058,

1070 (E.D. Cal. 2025) (alterations in original) (quoting *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO (HC), 2025 WL 871334, at *5 (E.D. Cal. Mar. 19, 2025)). Given the absence of any procedural safeguards to determine if Petitioner's re-detention was justified, the value of additional procedural safeguards is high. *Petrosyan v. Mullin*, No. 5:26-CV-01482-ODW-RAO, 2026 WL 1045565, at *3 (C.D. Cal. Apr. 13, 2026) (citing *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO (HC), 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025), *report and recommendation adopted,* No. 1:25-CV-00107-KES-SKO (HC), 2025 WL 1808676 (E.D. Cal. July 1, 2025)).

Here, Petitioner argues that he was never given a pre-deprivation hearing or notice prior to the revocation of his bond. (Dkt. 8 at 15.) Respondents argue that Petitioner was not entitled to a pre-deprivation notice pursuant to 8 C.F.R. §§ 241.4(l), and 241.13(i) under the INA because he does not have a final order of removal. (Dkt. 13 at 2.) Respondents also argue Petitioner was not in removal proceedings at the time he was detained and has now received a Notice to Appear. (*Id.*) However, Petitioner's due process protections are separate from the process requirements under the INA. Petitioner was not afforded what "[d]ue process requires, at a minimum, notice and an opportunity to be heard before the Government may revoke a person's conditional release and return them to custody." *Wang v. Warden of Desert View Annex Det. Facility*, No. 5:26-CV-01595-DFM, 2026 WL 1196001, at *3 (C.D. Cal. Apr. 24, 2026); *See Morrisey*, 408 U.S. at 482, 487-89 (holding that even when a parolee has violated conditions, due process requires a hearing before final revocation.) Respondents did not provide Petitioner with such process here.

"The risk of erroneous deprivation is extraordinarily high where ICE and DHS agency officials have sole, unguided, and unreviewable discretion to detain Petitioners without any individualized showing of why their detention is warranted,

nor any process for Petitioners to challenge the exercise of that discretion." *Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1161 (D. Nev. 2025). Thus, this factor weighs in favor of Petitioner.

The final Mathews factor is the government's interest. The Government's interests in enforcing immigration laws, including "protecting the public from dangerous criminal [noncitizens]" and "securing [a noncitizen's] ultimate removal," are "interests of the highest order." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022). "These interests are in fact served by the individualized determination by an immigration judge, based on a review of evidence presented by the government and the noncitizen, as to whether an individual is dangerous or at risk of fleeing removal proceedings, under existing, well-established procedures." *Escobar Salgado*, 809 F. Supp. 3d at 1161. The Court can identify no reason that an individualized hearing would interfere with the government's interests. Respondent's argument does not support otherwise as it only raises that Petitioner appears to be subject to *Bautista*. (Dkt. 13 at 1.) Respondents also appear to argue that release is not an appropriate remedy due to changed circumstances from Petitioner's interaction with the police related to a vandalism incident as explained above but do not otherwise argue that Petitioner is a danger to the community or flight risk. (*See generally* Dkt. 13.) As such, the Government has not shown or attempted to substantively argue that "Petitioner's detention serves either to prevent flight or a danger to the community." *See Padilla v. Bowen*, No. 2:25-CV-10780-CAS-SK, 2025 WL 3251368, at *7 (C.D. Cal. Nov. 21, 2025) (citing *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017)). Nor are "the cost of providing such protections . . . fiscally or administratively onerous." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025). Therefore, the Court finds that this factor also weighs in favor of Petitioner.

9

After considering all three *Mathews* factors, the Court concludes that Petitioner is entitled to release on procedural due process grounds. Having found Respondents violated Petitioner's procedural due process rights, the Court need not address Petitioner's remaining claims.

## V. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS Respondents:

(1) to release Petitioner Giuber Josue Valladares-Salgado (A# 209-850-408) forthwith subject to the same conditions of bond prior to his re-detention;

(2) to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention;

(3) any future enforcement actions after Petitioner's release must comply with Due Process requirements, including that Respondents shall not re-detain Petitioner without providing him notice and pre-detention hearing before a neutral decision maker; and

(4) to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: August 12, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

10